**Motion Granted, Appeal Dismissed, and Memorandum Opinion filed May 2, 2023.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-23-00116-CV
_____

**CVS PHARMACY, INC., ET AL., Appellants**

**V.**

**COUNTY OF BEXAR, Appellee**

**On Appeal from the 152nd District Court**
**Harris County, Texas**
**Trial Court Cause No. 2018-77066**

## MEMORANDUM OPINION

Before the court is appellee's motion to dismiss this interlocutory appeal for lack of appellate jurisdiction. Appellants have together filed a response. We grant the motion.

On October 28, 2022, appellants filed with the trial court a document styled as a "Rule 91A Motion to Dismiss." The title referred to Texas Rule of Civil Procedure 91a, which provides for motions to dismiss causes that have no basis in

law or fact. The motion raised a variety of reasons why appellee's claims against appellants should be dismissed, and one of those reasons was that, ostensibly, appellee had failed to "submit an expert report within 120 days of the filing of an answer" contrary to Texas Civil Practice & Remedies Code § 74.351(a), a provision of the Texas Medical Liability Act. The motion relatedly quoted Texas Civil Practice & Remedies Code § 74.351(b) for the proposition that, because of that deficiency, the trial court had to dismiss appellee's claims that were based on appellants dispensing medications. On February 10, 2023, the trial court signed an order denying the motion in full and describing it as a "Rule 91A Motion to Dismiss." This appeal followed.

The parties agree that the only possible basis for this court to exercise jurisdiction over this interlocutory appeal is Texas Civil Practice & Remedies Code § 51.014(a)(9). That provision permits appeals from interlocutory orders that "den[y] all or part of the relief sought by a motion under Section 74.351(b) [of the Texas Civil Practice & Remedies Code], except that an appeal may not be taken from an order granting an extension under Section 74.351." Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(9). Where the parties disagree is over the nature of the motion the trial court denied and, thus, whether Section 51.014(a)(9) encompasses the trial court's order.

We agree with appellee that the motion the trial court denied was a Rule 91a motion, thus making the trial court's order unappealable. In reaching this conclusion, we emphasize the fact that the motion itself frames the appropriate legal standard for its resolution as Rule 91a. And as near as can be determined, insofar as the motion contends Section 74.351(b) makes claims subject to dismissal, that is part of appellants' overall argument in the motion that those and

2

other claims should be dismissed pursuant to Rule 91a. Because the substance of the motion is, indeed, a motion for dismissal under Rule 91a, which is based on alleged deficiencies with appellee's claims under Section 74.351(b) and because of other alleged deficiencies with the claims that have nothing to do with Section 74.351(b), the trial court's denial of the motion is not appealable.

Consequently, this court lacks appellate jurisdiction regarding the trial court's order denying appellants' Rule 91a motion. Appellee's motion to dismiss is granted, and the appeal is dismissed.

PER CURIAM

Panel Consists of Chief Justice Christopher and Justices Wise and Wilson.